UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

GARRY MILOSEVICH,                          File No. 14-cv-744 (JNE/TNL)

       Petitioner,

v.                                         **REPORT AND RECOMMENDATION**

C. NICKRENS, Warden of the Federal
Prison Camp in Duluth, Minnesota,

       Respondent.

The above-named Petitioner, Garry Milosevich, commenced this action by filing a self-styled application for a writ of habeas corpus.  (Docket No. 1.)  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.   BACKGROUND

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota.  He is serving a sentence that was imposed by the United States District Court for the Western District of Wisconsin.  Petitioner's sentence was imposed in a criminal case identified as

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to other habeas cases, as well. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2, (D.Minn. Sept. 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558, 1990 WL 171789 at *3 (N.D.Ill. Nov. 1, 1990).

<u>United States v. Milosevich</u>, No. 07-cr-66-BBC [hereafter "the Wisconsin criminal case"]. The trial court record for the Wisconsin criminal case is accessible to this Court by means of the computerized record-keeping procedures maintained by the federal judiciary known as "Case Management/Electronic Case Filing," or "CM/ECF."

The record in the Wisconsin criminal case shows that Petitioner was indicted in 2007 on multiple federal fraud charges.  In January 2013, Petitioner pled guilty to a single charge of mail fraud, and in April 2013, he was sentenced to 78 months in federal prison. According to the record in the Wisconsin criminal case, Petitioner did not file a direct appeal after he was convicted and sentenced, and he has not filed any post-conviction motion in that case.

Petitioner's current habeas corpus petition directly challenges the legal validity of his conviction and sentence in the Wisconsin criminal case.  Petitioner claims that the judgment entered against him in that case should be vacated because the Court lacked jurisdiction to hear and adjudicate the case.  (<u>See</u> Petition, p. 4, ¶ 37 ("it is clear that the United States District Court of Wisconsin [sic] lacked subject matter jurisdiction when it adjudicated case number 07-CR-0066-C-02"]; p.  8, ("Petitioner... does hereby challenge the jurisdiction of the United States District Court of Wisconsin [sic] said court which, lacking the requisite jurisdiction to do so, unlawfully coerced him into signing a plea agreement resulting in his incarceration in case number 07-CR-066-C-02").)

Petitioner's current challenges to his conviction and sentence in the Wisconsin criminal case, however, cannot be raised or decided in a habeas corpus petition brought in this District.

2

II.    **DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his

conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. §

2255.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147

(2005).  Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section [i.e., § 2255],
> shall not be entertained if it appears that the applicant has failed to apply for
> relief, by motion, to the court which sentenced him, or that such court has
> denied him relief, unless it also appears that the remedy by motion is
> inadequate or ineffective to test the legality of his detention."  (Emphasis
> added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy

available to a federal prisoner who is asserting a collateral challenge to his conviction or

sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and

not in a habeas petition filed in the court of incarceration . . . ."  Hill v. Morrison, 349 F.3d

1089, 1091 (8th Cir. 2003) (emphasis added).  A federal court lacks jurisdiction to hear a

prisoner's collateral challenge to his original conviction or sentence in a habeas corpus

petition brought under 28 U.S.C. § 2241 (or otherwise) unless the prisoner has affirmatively

demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the

legality of . . . [his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per

curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529

(8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is

sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it

applies, it can save a habeas petition from being dismissed under the § 2255 exclusive

3

remedy rule.

In this case, Petitioner is challenging the legal validity of his conviction and sentence in the Wisconsin criminal case.  He expressly contends that his conviction and sentence should be vacated because the trial court allegedly lacked jurisdiction in the case. Because Petitioner is directly challenging the legality of his conviction, his current habeas corpus petition is barred by the § 2255 exclusive remedy rule unless the savings clause is applicable.

Petitioner, however, has made no effort to show that the savings clause could properly be applied in this case, and the Court finds that the savings clause is not applicable here.  The record in the Wisconsin criminal case shows that Petitioner has not even attempted to challenge his conviction and sentence in a § 2255 motion.  He certainly has not shown that the remedy provided by § 2255 is necessarily "inadequate or ineffective" for resolving his current legal challenges to his conviction and sentence in the Wisconsin criminal case.

Petitioner perhaps believes that he should be excused from the § 2255 exclusive remedy rule simply because he is attempting to challenge the trial court's jurisdiction in his federal criminal case.  That notion must be rejected.

"A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not inadequate or ineffective "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.  Applying this rule here, the Court finds that Petitioner cannot

invoke the § 2255 savings clause because he has not shown that he has been deprived of the opportunity to raise his current claims for relief in a § 2255 motion.  Petitioner cannot contend that § 2255 is "inadequate or ineffective" when he has not even attempted to seek relief under that statute.  See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

The Court understands that Petitioner is claiming that the trial court lacked jurisdiction in the Wisconsin criminal case.  The fact remains, however, that Petitioner could have raised this jurisdictional argument in a direct appeal. Petitioner has not shown that the remedies provided by direct appeal and § 2255 are inadequate or ineffective for his current jurisdictional arguments.

As the Court of Appeals pointed out in Abdullah:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.  'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable here. Again, Petitioner has not shown that the remedies provided by direct appeal and § 2255 are inadequate or ineffective for his current claims.  Therefore, Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction pursuant to § 2255(e). See DeSimone, 805 F.2d at 323-24 (habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction where petitioner had not

5

demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392

F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective,

the district court correctly concluded that it had no jurisdiction to consider his claim in a §

2241 petition").

   Finally, having determined that this action must be summarily dismissed for lack of

jurisdiction, the Court will further recommend that Petitioner's anomalous "Motion to

Schedule Emergency Hearing" (Docket No. 2) be summarily denied.[2]

## III. RECOMMENDATION

   Based on the foregoing, and all the files, records and proceedings herein,

   **IT IS HEREBY RECOMMENDED** that:

   1. Petitioner's application for a writ of habeas corpus (Docket No. 1) be **DENIED**;

   2. Petitioner's "Motion to Schedule Emergency Hearing" (Docket No. 2) be **DENIED**;

and

   3. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: April 3, 2014

           _S/ Tony N. Leung_____
           TONY N. LEUNG
           United States Magistrate Judge
           District of Minnesota

           *Milosevich v. Nickrens*
           File No. 14-cv-744 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court and by serving upon all parties written objections that

---

   [2] The Court also notes that Petitioner has not presented any facts or legal
arguments in support of this motion.

specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court by **May 2, 2014.**